## THE D. S. NEWCOMB.

*(District Court, W. D. Pennsylvania.* May Term, 1882.)

1. ADMIRALTY—SERVICES—RAISING SUNKEN VESSEL.

   The general maritime law gives no lien for services in raising a sunken vessel, rendered in her home port.

2. SAME—LOCAL STATUTE.

   Nor is a contract for raising a sunken vessel within the purview of a local statute which gives a lien for work done or materials furnished " in the building, repairing, fitting, furnishing, or equipping " vessels, although the execution of the contract involves the bulk-heading, planking up, and closing the breaks in her hull to keep her afloat while being towed to the docks.

In Admiralty. *Sur* exceptions to libel.

*John Barton & Son,* for libellant.

*Knox & Reed,* for exceptants.

ACHESON, D. J.   If it be conceded that the libellant's services were maritime, and that the libel sufficiently avers that they were rendered upon the credit of the D. S. Newcomb, the objection to this libel *in rem*, that they were performed at the home port of the boat, still remains.   That in such case no lien exists by the general maritime law is settled.   *The Lottawanna*, 21 Wall. 558; *Mon. Nav. Co.* v. *Steam-tug Bob Connell*, 1 FED. REP. 219.

Can the libel be sustained under the local statute?   The steam-tug D. S. Newcomb had been sunk in the Allegheny river at the foot of Thirteenth street, in the port of Pittsburgh, and the libellant's services were in raising and putting her afloat ready for the dry-dock.   The act of assembly, it seems to me, gives no lien for such services.   "All debts contracted   *   *   *   for or on account of work and labor done or materials furnished   *   *   *   in the building, repairing, fitting, furnishing, or equipping" vessels, is the language of the act. Par. 97.   In the present case the contract was for raising a sunken boat for a specified sum of money.   It is true the libel avers that this "involved the necessity of making material repairs to said vessel by bulk-heading, planking up, and closing breaks and openings in her hull, and making the same seaworthy, so that said vessel could be towed and navigated and taken to the docks located on the Ohio river, in the lower part of Allegheny City."   But the main thing was the raising of the boat, and the alleged repairs were merely incidental, and but temporary expedients to keep the boat afloat while being towed to the neighboring docks for repairs.   The act of assembly is not to be enlarged by construction.   I am of opinion that it does not embrace the libellant's contract.

The third exception to the libel is sustained.   Let a decree be drawn dismissing the libel, with costs.